By thu Court.
One of the grounds upon which the plaintiff in error contested the right of his opponent to compel him to contribute towards the cost of the fence in dis-' *723 pute was that his lands which lay adjacent thereto were not enclosed.
The record discloses that at the point in dispute the lands of the plaintiff in error lie between those of the defendant in error on the east and lands of Daniel Warner on the west, and that the fences of Warner, those of the plaintiff in error, and the fence, the subject of contention, when taken together, will enclose a body of land, part of which, belongs to Warner and part to plaintiff in error.
This is more clearly shown by the following plat of the premises:

*724

*725 But whether there was at the time of the award by the township trustees, a fence along the line (marked “no fence”) between Warner’s lands and those of the plaintiff in error, which, together with the disputed fence and other fences of the plaintiff in error, would inclose a part of the latter’s land separate from that of Warner, was a matter of sufficient contention between the parties as to make the following proposition which the plaintiff in error requested the court of common pleas to give to the jury, pertinent, to wit:
“1st. That at the time the trustees—in September, 1887 —made the assignment of the fence to be constructed or repaired, said fence in dispute must have made a complete enclosure of the wood-lot or lands of the defendant, King-man, and that an enclosure of said defendant, Kingman’s wood-lot or lands, with lands of an adjoining owner would not in law make an enclosure of the wood-lot or lands of the defendant, Kingman.”
The court refused to give this proposition to the jury, to which refusal the plaintiff in error excepted. This request and refusal raises the only question we find necessary to consider.
This proposition, we think, contained a correct exposition of the law in this connection, and, as the general charge of the court contains no substitute for it, to refuse to give it to‘the jury was error. An examination of sections 4239, 4240, 4241 and 4242, Revised Statutes, discloses a legislative purpose to impose a duty to build and maintain partition fences upon such land-owners only as have adjoining lands that will be inclosed by the partition fence, separate from those of other proprietors. The word “inclosure” in those sections should be held to mean inclosures that include only land of the party upon whom the duty to build the partition fences is enjoined. If the land of some other proprietor should be included in the inclosure there would be no equity in enforcing contribution against one thus situated, for he could not use the enclosure for his own animals, because they would tresspass upon the lands ■of the other proprietor within the enclosure. The present *726 policy of the state is to require every owner to restrain his own animals; but where two adjacent proprietors have enclosed their respective lands on every side, except where their lands adjoin, and a partition fence, only, is wanting to secure to each of them a complete separate inclosure of his own lands, thus making them available for every purpose connected with farming and stock raising, it is manifestly just and fair that each should contribute thereto, and the sections of the statutes under consideration should be construed accordingly.
The judgment of the cb'cuit and court of common pleas reversed, and the catise remanded to the court of common pleas for further Proceedings,